IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES FELTENBERGER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 05-0056-CV-W-HFS |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Movant seeks relief from his sentence because the court failed to anticipate the sentencing practice established this year in United States v. Booker, 125 S .Ct. 738 (2005). Collateral attack, however, is not permitted, for reasons stated in the Government's Brief. Doc. 3. A review of the most current decisions confirms that Booker cannot be given retroactive effect. See, e.g., Cirilo-Munzo v. United States, 2005 WL 858324 (1st Cir.) (citing uniform rulings from other circuits). Justice Breyer's opinion on remedial issues limits its applicability to "all cases on direct review." 125 S. Ct. at 769.

Even if applied, Booker seldom gives relief from sentences imposed when Guideline enhancements were considered mandatory. See, e.g., United States v. Sayre, 400 F. 3d 599 (8th Cir. 2005) (harmless error to use mandatory sentencing guidelines when the sentence was not affected by failure to treat the guidelines as advisory only).

The motion under 28 U.S.C. §2255 is DENIED. Any certificate of appealability will also be DENIED.[*]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April 21, 2005

Kansas City, Missouri

---

[*]Thus movant may seek such a certificate, if pursued, in the Court of Appeals.